■ Vicki Morwitz et al., Appellants, v Mobili De Angelis et al., Defendants, and Central Plumbing Specialties Co., Inc., Respondent. [66 NYS3d 667]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 28, 2015, which, to the extent appealed from as limited by the briefs, after a nonjury trial, dismissed the breach of contract and General Business Law §§ 349 and 350 causes of action against defendant Central Plumbing Specialties Co., Inc. (Central), unanimously affirmed, without costs.

Since a fair interpretation of the evidence supports the determination of the fact finding court, based largely on its assessment of the credibility of the witnesses, that plaintiffs' claims under General Business Law §§ 349 and 350 are without merit, we are obliged to defer to it (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). The claims for breach of contract, based on the allegation that defendants promised to deliver an "Italian" cabinet, was correctly dismissed as barred by the parol evidence rule, inasmuch as the parties' integrated and detailed written agreement did not specify that the cabinet was required to be "Italian" (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 600 [1997]; *Braten v Bankers*

*Trust Co.*, 60 NY2d 155, 162 [1983]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.